# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
### APPELLATE DIVISION

JAHI GRANT )
                 ) D.C. Crim. App. No.2005-82
    Appellant, )
                 ) Super. Ct. Crim. No. F171-
v. )
                 )
PEOPLE OF THE VIRGIN ISLANDS )
                 )
    Appellee. )
_____ )

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Rhys S. Hodge presiding.

Considered: June 19, 2009
Filed: July 26, 2010

**BEFORE: CURTIS V. GÓMEZ**, Chief Judge of the District Court of the
Virgin Islands; **RAYMOND FINCH**, Judge of the District Court of the
Virgin Islands; and **DARRYL DONOHUE**, Judge of the Superior Court,
Division of St. Croix, sitting by designation.

ATTORNEYS:

Debra S. Watlington, TPD
St. Thomas, U.S.V.I.
       *For the Appellant,*

Maureen Phelan, AAG
Terrlyn M. Smock, AAG
St. Thomas, U.S.V.I.
       *For the Appellee.*

## MEMORANDUM OPINION

**PER CURIAM,**

Jahi Grant ("Grant") appeals the order of the Superior Court[1] denying his motion to suppress evidence. The Superior Court entered a judgment and conviction order following Grant's plea of guilty to the count charged.

Grant's attorney, Debra S. Watlington ("Watlington"), has filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which she has advised this Court that she finds no basis for Grant's appeal. The People of the Virgin Islands (the "People") have not responded to Watlington's brief. Grant was served with a copy of Watlington's brief, but did not file a responsive brief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2005, the Narcotics Strike Force of the Government of the Virgin Islands set up a sting. In that operation, a confidential informant (the "CI") was sent to buy crack cocaine from Grant. The CI went to a house in the Altona area of St. Thomas, U.S. Virgin Islands. The CI purchased 2

---

[1] Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

grams of crack from Grant for $30.

On April 7, 2005, the Superior Court issued a search warrant for the same Altona house. The warrant authorized a search for drugs. During the search, agents recovered 83 grams of marijuana; nine bags containing crack cocaine; a .45 caliber handgun; a firearm magazine containing six rounds; and a bag containing two .45 caliber rounds. At the time the warrant was executed, only Jahi Grant and his mother, Vilma Dyer ("Dyer"), were present at the house. Both Grant and Dyer confirmed that Grant solely occupied the room where these items were found.

On April 20, 2005, the People charged Grant in a four count information. Count One charged possession of an unlicensed firearm, in violation of V.I. CODE ANN. tit. 14, § 2253(a). Count Two charged possession of ammunition, in violation of V.I. CODE ANN. tit. 14, § 2256(a). Count Three charged possession of marijuana with intent to distribute, in violation of V.I. CODE ANN. tit. 19, § 604(a). Count Four charged possession of crack cocaine with intent to distribute, in violation of V.I. CODE ANN. tit. 19, § 604(a).

On July 5, 2005, Grant filed a motion to suppress the evidence. At the conclusion of a suppression hearing, the trial court concluded that, although the police had violated the knock and announce rule, since they were in possession of a valid

search and arrest warrant, the evidence would inevitably have

been discovered. As such, the court denied Grant's motion to

suppress.

Grant pled guilty to Count One of the information, while

reserving his right to appeal the suppression ruling. The trial

court dismissed the remaining counts. The matter came on for

sentencing on August 31, 2005. Grant was sentenced to two years

of imprisonment, with one year suspended, a minimum mandatory

fine of $5000, and $75 in court costs. He timely filed this

appeal.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review a conviction based on

a guilty plea, but only to the extent that it raises a colorable

constitutional claim. *See* Revised Organic Act of 1954 23A, 48

U.S.C. § 1613a; *see also Elmour v. Gov't of the Virgin Islands*,

D.C. Crim. App. No. 2003/23, 2005 U.S. Dist. LEXIS 14071, at *5

(D.V.I. App. Div. June 24, 2005) (holding that despite a

statutory limitation on appellate review of a guilty plea, the

court must review such an appeal where constitutional claims are

implicated (citing *Virgin Islands v. Warner*, 48 F.3d 688, 691 (3d

Cir. 1995)). "To the extent a challenge to a guilty plea is

based on constitutionally protected rights, our review is

plenary." *Elmour*, 2005 U.S. Dist. LEXIS 14071, at *5.

This Court reviews *de novo* questions of law, issues
implicating rights protected under the U.S. Constitution, and the
interpretation of statutes. *See Gov't of the Virgin Islands v.
Albert*, 89 F. Supp. 2d 658, 661 (D.V.I. App. Div. 2000). We
apply the more deferential clear error standard of review to
factual determinations. *Id.*

The Court conducts a two-part inquiry when analyzing *Anders*
briefs, asking "(1) whether counsel adequately fulfilled the
[*Anders*] rule's requirements; and (2) whether an independent
review of the record presents any nonfrivolous issues". *United
States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)(citing *United
States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). With regard
to the first issue, an attorney submitting an *Anders* brief has
the duties "(1) to satisfy the court that counsel has thoroughly
examined the record in search of appealable issues, and (2) to
explain why the issues are frivolous." *Id.* (citation omitted).

### III. **ANALYSIS**

Under the first inquiry, counsel's brief satisfies *Anders*.
Counsel provided a sufficient record on appeal, including a
suppression motion, the transcript of the suppression hearing,
the trial court's suppression ruling, and the plea colloquy. The
Court's review of the record brings us to the same conclusion at

which counsel arrived, that there are no non-frivolous issues for appeal.

Counsel raises one possible issue for review in her *Anders* brief, which she argues is frivolous: (1) whether violation of the knock and announce rule required suppression of the evidence found in the search of the Altona house. Counsel also satisfies the second prong by explaining why this issue is frivolous. Watlington analyzes this issue in light of Supreme Court precedent and concludes that the argument for suppression was foreclosed in this case.

The knock and announce rule requires police to announce their presence and provide residents an opportunity to open the door before entering a dwelling to execute a warrant. *See Wilson v. Arkansas*, 514 U.S. 927, 929 (1995). It further allows courts to consider a violation of the rule as one of several factors when analyzing an alleged fourth amendment violation. *Id*. Counsel argues in her brief that this issue is frivolous because Grant's case is factually similar to *Hudson v. Michigan*, in which the Supreme Court concluded that suppression was not an appropriate sanction for a knock and announce violation. 547 U.S. 586 (2006).

In *Hudson*, the Supreme Court reasoned that suppression of evidence requires, at the very least, but for causation – it must

be true that but for the fourth amendment violation, the evidence would not have been discovered. *Id.* At 592.

> In this case, of course . . . the constitutional violation of an illegal *manner* of entry was not a but-for cause of obtaining the evidence. Whether that preliminary misstep had occurred or not, the police would have executed the warrant they had obtained, and would have discovered the gun and drugs inside the house.

*Id.* The Court explained that the interests that the knock and announce rule protects are several – avoiding violence in supposed self defense by a surprised homeowner, protecting the front door from being broken down, and assuring the opportunity for residents to collect themselves before answering the door. *Id.* at 594. However, the Court held that "[W]hat the knock-and-announce rule has never protected . . . is one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that *were* violated in this case have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." *Id.*

Counsel argues, and this Court agrees, that *Hudson* is controlling. As in *Hudson*, the police had a valid warrant to arrest Grant and to search his home. The trial court found that the police violated the knock and announce rule by knocking and announcing only three times, and then not waiting long enough for the inhabitants to answer the door. However, had the police

waited, and had either Grant or Dyer answered the door, the
police would nonetheless have been authorized to enter the house
and execute a search.

The police also found a gun and ammunition. Those pieces of
evidence were not subject to exclusion, even though they were not
named in the warrant. It is unclear if the gun was in plain
view,[2] but the police would have inevitably discovered the gun in
searching Grant's room incident to his arrest for possession of
drugs. Further, because drugs and handguns can be hidden in
similarly sized locations, a search of the room for drugs could
have resulted in the police locating the gun and ammunition. As
such, *Hudson's* logic compels this Court to find that violation of
the knock and announce rule was not a basis for the trial court
to suppress the evidence. The trial court did not err in denying
Grant's motion to suppress the evidence.

With regard to the first *Anders* prong, the Court is
satisfied that Counsel has adequately performed what was required
of her by reviewing the record and arguing why any available
issues are frivolous.

Under the second prong, our independent review of the record

---

[2] Under *Horton v. California*, the police can seize incriminating
evidence found in plain view so long as (1) the officer is lawfully present,
(2) the incriminating character of the evidence is immediately apparent, and
(3) the officer has a "lawful right of access to the object itself." 496 U.S.
128, 136-37 (1990).

reveals no appealable issues of arguable merit.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, the Court will affirm the trial court's denial of Grant's suppression motion.  The Court will also grant counsel's motion to withdraw.